Lauriat, J.
The plaintiffs, attorneys Norman Ber-man and Robert Marcus, brought this action against Edward Carroll to recover on a promissory note executed by Carroll as payment for legal services that Berman and Marcus had rendered to Carroll (Count I). Berman and Marcus also sued Thomas Linnane to reach and apply Linnane’s alleged obligations to Carroll, under a settlement agreement reached between Carroll and Linnane, in satisfaction of Carroll’s debt to Berman and Marcus (Count II). The settlement agreement arose from litigation between Carroll and Linnane over their failed real estate partnership. Ber-man and Marcus further sought to enjoin Linnane from transferring or conveying the properties allegedly owned by the partnership pending their request to the court to require Linnane’s specific performance of the settlement agreement (Count III).
On July 22, 1992, while the present action was pending, Carroll assigned and conveyed to Berman and Marcus all his interest in certain properties allegedly owned by the real estate partnership, as well as all claims that he had against Linnane arising out of Linnane’s alleged breach of the settlement agreement. Berman and Marcus thereafter amended their complaint to add a claim against Linnane for damages, including the value of the properties at issue, arising from Linnane’s alleged transfer of those properties to a third person in breach of his obligations to Carroll under the settlement agreement.
After Linnane timely claimed a jury trial in his answer to the plaintiffs’ amended complaint, this action was set for trial on April 26, 1993. At that time, the defendant Carroll was defaulted on Count I for failing to appear and defend the action, and the trial proceeded with a jury on Count IV. By agreement and by law, Count II was reserved to the court for findings of fact and rulings of law at the conclusion of the trial.
This action was tried to the court on Count II of the Amended Complaint (and to a jury on Count IV) from April 26, 1993 to May 11, 1993. Upon consideration of the credible testimony of the witnesses and the exhibits presented by the parties, and the reasonable inferences to be drawn therefrom, and upon consideration of the written submissions and the oral arguments of counsel, the court makes the following findings of fact and rulings of law on Count II of the plaintiffs’ Amended Complaint in this action.
FINDINGS OF FACT
1. The plaintiffs, Norman Berman (“Berman”) and Robert Marcus (“Marcus”), are attorneys at law, duly admitted to practice in the Commonwealth of Massachusetts.
2. The defendants, Edward Carroll (“Carroll”) and Thomas Linnane (“Linnane”), are partners and trustees of the Carlin Realty Trust, a real estate nominee trust through which Carroll and Linnane purchased and developed real estate in the Boston area.
3. From 1987 to 1988, Marcus represented defendant Carroll in litigation against Linnane arising from their failed real estate partnership (Suffolk County Superior Court Civil Actions No. 87-5556 and 88-3481). In 1988, Berman succeeded Marcus as counsel for Carroll in that litigation, and continued to represent him until 1990.
4. On October 27, 1989, Carroll and Linnane reached a settlement of their outstanding claims against each other and executed an agreement (“the Settlement Agreement”) (Exhibit 7) which provided for the distribution of certain properties and liabilities of the partnership according to the terms and conditions set forth in the Settlement Agreement.
5. On May 25, 1990, Carroll executed and delivered to Berman and Marcus a Promissory Note (“the Note”) (Exhibit 8) in which Carroll agreed to pay Berman and Marcus the sum of seventy-one thousand one hundred ($71,100) dollars by July 1, 1990. This sum represented the amount due from Carroll to Berman and Marcus for legal services which they rendered to Carroll in his litigation against Linnane. The Note also provided for the payment of interest at a rate of ten percent per annum on the unpaid balance of the Note. The Note was secured by a mortgage on certain properties on Brookfarme Road and Seymour Street in West Roxbury that were to be conveyed to Carroll under the Settlement Agreement between Carroll and Linnane dated October 27, 1989. See 18, infra.
6. On July 1, 1990, Carroll defaulted on the Note. Berman and Marcus brought this action against Carroll on August 20, 1991, inter alia, to recover the amounts due from Carroll on the Note. Amended Complaint, Count I.
7. On April 26, 1993, Berman and Marcus obtained a default judgment against Carroll on their claim against him for the principal and interest due on the Note. Berman and Marcus thereupon sought to reach and apply the sums owed to Carroll by Linnane under the Settlement Agreement in satisfaction of the default *508 judgment that they had obtained against Carroll. Amended Complaint, Count II.
8. Under the terms of the Settlement Agreement between Carroll and Linnane, Carroll was to be deeded certain properties on Brookfarme Road and Seymour Road in West Roxbury and on Emmet street in Hyde Park, and Carroll was to pay Linnane the sum of $27,000 on certain personal obligations he owed to Linnane. Carroll’s payment to Linnane was to be secured by a first mortgage on the Emmet Street properties being conveyed to Carroll. Carroll further agreed to pay Linnane for his share of the partnership’s debts, which share totalled approximately $32,000. Carroll’s payment of this sum was to be secured or satisfied by a mortgage on or the sale of the Brookfarme Road properties which were being deeded to Carroll by Linnane. The deeds to the properties that were the subject of the Settlement Agreement were to be delivered by or before November 30, 1989.
9. On November 30, 1989, Carroll was ready, willing and able to perform his obligations under the Settlement Agreement but Linnane was not. At Linnane’s request, Carroll granted Linnane an extension until December 15, 1989 to deliver the deeds due to Carroll under the Settlement Agreement.
10. On December 15, 1989, Carroll was ready, willing and able to perform his obligations under the Settlement Agreement but Linnane was not. At Linnane’s request, Carroll granted Linnane an extension until January 31, 1990 to deliver the deeds due to Carroll under the Settlement Agreement.
11. On January 31,1990, Carroll was ready, willing and able to perform his obligations under the Settlement Agreement but Linnane was not. At Linnane’s request, Carroll granted Linnane an extension until March 31, 1990 to deliver the deeds due to Carroll under the Settlement Agreement.
12. On March 31, 1990, Carroll was ready, willing and able to perform his obligations under the Settlement Agreement but Linnane was not. At Linnane’s request, Carroll granted Linnane an extension until December 31, 1990 to deliver the deeds due to Carroll under the Settlement Agreement.
13. On December 31, 1990, Carroll was ready, willing and able to perform his obligations under the Settlement Agreement but Linnane was not. Linnane then and thereafter failed to deliver to Carroll the deeds to the Brookfarme Road, Seymour Street and Emmet Street properties that he was required to deliver under the terms of the Settlement Agreement. Such failure constituted a breach of the Settlement Agreement by Linnane.
14. On May 11, 1993, a jury sitting in this action found and determined that Carroll had sustained damages in the amount of $686,570 as a result of Linnane’s breach of the Settlement Agreement. Insofar as it is relevant to the court’s determination of Count II of the plaintiffs’ Amended Complaint, the court accepts the jury’s determination of the amount of damages sustained by Carroll as a result of Linnane’s breach.
RULINGS OF LAW
Upon entry of a default judgment against Carroll in this action on April 26, 1993, Berman and Marcus became judgment creditors of Carroll for the amounts of principal and interest due on Carroll’s Note to Berman and Marcus dated May25,1993. Carroll, in turn, is owed deeds to certain properties by Linnane under the terms of the Settlement Agreement between them dated October 27,1989. Linnane has also breached that Settlement Agreement with Carroll by failing to deliver the deeds to the subject properties when due.
Under G.L.c. 214, §3(6), Berman and Marcus are entitled to reach and apply, in payment of Carroll’s debt to them, “any property, right, title or interest, legal or equitable,” of Carroll “which cannot be reached to be attached or taken on execution although the property to be reached and applied ... is of uncertain value, if the value can be ascertained by sale, appraisal or by any means within the ordinary procedure of the court.” As judgment creditors, Berman and Marcus have a lien on the property which they seek to reach and apply to the amount of and in satisfaction of Carroll’s debt to them. Chadwick v. Taylor, 337 Mass. 428, 429 (1958).
Carroll may bring an action against Linnane in his own right to compel specific performance by Linnane of his obligation to convey the Brookfarme Road, Seymour Street and Emmet Street properties to Carroll, or for damages arising out of Linnane’s breach of the Settlement Agreement with Carroll. Berman and Marcus, as judgment creditors of Carroll, may reach and apply Carroll’s right to specific performance or damages against Linnane in satisfaction of their judgment against Carroll on the Note. Cooperstein v. Bogas, 317 Mass. 341 (1944).
Upon the facts found by the court in the present action, Carroll is entitled to compel specific performance by Linnane of his obligation under the Settlement Agreement to convey the subject properties to Carroll, and Marcus and Berman are, in turn, entitled to levy on those properties in satisfaction of Carroll’s debt to them. Alternatively, the jury having found that Carroll sustained damages in the amount of $686,570 as a result of Linnane’s breach of the Settlement Agreement, Marcus and Berman are entitled to recover from Linnane an amount equal to the amount of their default judgment against Carroll in satisfaction of that default judgment.
Accordingly, in this action Berman and Marcus are entitled to entry of a judgment on Count II of their Amended Complaint requiring the defendant Linnane to convey to Carroll the Brookfarme Road, Seymour Street and Emmet Street properties, whereupon Ber-man and Marcus may levy upon those properties and seek to have the properties sold and the proceeds applied in satisfaction of the amount of their default judgment against Carroll, with any balance remaining, *509 after satisfaction of the judgment and any costs and expenses, to be paid to Carroll.
Alternatively, Berman and Marcus are entitled to entry of a judgment on Count II of their Amended Complaint requiring Linnane to pay to them, in satisfaction of their default judgment against Carroll, an amount equal to the amount of their default judgment against Carroll.
ORDER
Upon the forgoing findings of fact and rulings of law, it is ORDERED that judgment shall enter in favor of the plaintiffs, Norman Berman and Robert Marcus, against the defendant Thomas Linnane, on Count II of the Amended Complaint, and that:
1. The defendant Thomas Linnane shall convey to Carroll within thirty days of the entry of a final judgment in this action, the Brookfarme Road, Seymour Street and Emmet Street properties, whereupon Ber-man and Marcus may levy upon those properties and seek to have the properties sold and the proceeds applied in satisfaction of the amount of their default judgment against Carroll, with any balance remaining, after satisfaction of the judgment and any costs and expenses, to be paid to Carroll, OR
2. Alternatively, Linnane shall pay to Marcus and Berman, in satisfaction of their default judgment against Carroll, an amount equal to the amount of the default judgment against Carroll.